IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| GEORGE H. DAVIS, JR. | § | |
| VS. | § | CIVIL ACTION NO. 1:06cv721 |
| FRANCISCO QUINTANA | § | |

### MEMORANDUM ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner George H. Davis, Jr., an inmate confined at the Federal Correctional Complex, proceeding *pro se*, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The court referred this matter to the Honorable Earl S. Hines, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends the petition be dismissed as repetitious of another pending action.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, pleadings and all available evidence. Petitioner filed objections to the magistrate judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

Petitioner objects to the report, asserting that his petition should not be considered repetitious because the error complained of consistently affects the way the Bureau of Prisons scores his custody level. After careful consideration, the court concludes petitioner's objections should be overruled.

A motion to vacate, set aside or correct sentence filed pursuant to 28 U.S.C. § 2255 is normally the proper method for challenging a conviction or sentence as petitioner does here. *See Cox v. Warden*, 911 F.2d 1111, 1113 (5th Cir. 1990). Because petitioner has previously filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 which was denied, *see Davis v. United States*, No. 1:04cv491 (E.D. Tex. Sept. 15, 2006), the present petition is liberally construed as an attempt to bring his claims under Section 2241 because the remedy provided by Section 2255 is inadequate or ineffective to test the legality of his detention. However, petitioner's claims do not meet the criteria required to support a claim under the savings clause of 28 U.S.C. § 2255. *See Padilla v. United States*, 416 F.3d 424 (5th Cir. 2005); *Reyes-Requena v. United States*, 243 F.3d. 893 (5th Cir. 2001). Thus, the claims should be dismissed.

Further, petitioner's attempt to seek injunctive relief under the Privacy Act is without merit. A prisoner is not entitled to injunctive relief to correct allegedly inaccurate information maintained in his file. 5 U.S.C. § 552a(j)(2); 28 C.F.R. § 16.97;[1] *Sellers v. Bureau of Prisons*, 959 F.2d 307, 309 (D.C. Cir. 1992); *Doyon v. Dep't of Justice,* 304 F. Supp. 2d 32, 34 (D.D.C. 2004). As a result, petitioner is not entitled to the relief sought under the Privacy Act.

## O R D E R

Accordingly, Petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is

---

[1] Section 552 a(j)(2) permits federal agencies to enact regulations exempting themselves from various provisions of the Privacy Act. Pursuant to 28 C.F.R. § 16.97, the Bureau of Prisons exempted its Central Record System, where pre-sentence reports are maintained, for the provisions of the Act.

**ADOPTED**.  A final judgment will be entered in this case in accordance with the magistrate judge's recommendations.

So **ORDERED** and **SIGNED** this **12** day of **June, 2008.**

_____
Ron Clark, United States District Judge